IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01679-WYD-MJW

VIJAYKRISHNA ANDALAM,

Plaintiff,

v.

THE TRIZETTO GROUP, a Delaware corporation doing business as a foreign corporation in Colorado,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

  It is hereby ORDERED that the Non-Party's [Snehalatha Andalam's] Motion for Protective Order for Snehalatha Andalam (docket no. 34) is DENIED for the following reasons. The parties shall forthwith meet, confer and set the Non-Party Snehalatha Andalam's deposition consistent with Fed. R. Civ. P. 30 and D.C.COLO.LCivR 30.1. Such deposition shall be completed before the discovery cut-off date.

  Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. It is the Non-Party's burden to establish sufficient "good cause." Nestle Foods Corp. v. Aetna Cas. & Surety Co., 129 F.R.D. 483, 484 (D.N.J. 1990); United States v. Hooker Chems. & Plastics Corp., 90 F.R.D. 421, 425 (W.D.N.Y 1981).

  The Non-Party [i.e. Wife of Plaintiff] asserts that she suffers from depression, a nervous breakdown, and other medical conditions and thus argues that she cannot sit for her deposition. Moreover, the Non-Party asserts that she has "no connection to this lawsuit" and was not listed in the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

  Here, I find that this is an employment lawsuit. Plaintiff has alleged, in his Complaint, claims for race and national origin discrimination, retaliation, and retaliatory harassment. See docket no. 1. Plaintiff seeks economic and noneconomic damages. In particular, Plaintiff seeks emotional distress damages. There is a disputed issue as to the cause, if any, of Plaintiff's alleged emotional distress damages. In essence, the dispute is whether such emotional distress damages, if any, were caused by Defendant's actions or whether they were caused by Plaintiff's relationship with his wife [i.e. Non-Party], his home situation, and/or his parents pressuring him for money. I

further find that neither in the subject motion (docket no. 34) nor in the Non-Party's reply (docket no. 50) has the Non-Party submitted any documentation from any of the Non-Party's medical providers to support that the Non-Party is not medically able to have her deposition taken. Instead, the Non-Party indicates that such medical documentation would be forthcoming. See docket no. 50. To date, no such medical documentation in support of Non-Party's subject motion (docket no. 34) has been filed with this court.

I further find that the Non-Party does possess personal knowledge concerning disputed issues of fact in this case that is relevant and probative. In particular, she has personal knowledge on the issues of causation and non-economic damages as well as on the disputed issue of downloading movies by her husband [Plaintiff] at his workplace for her [Non-Party's] viewing. See Carey v. Piphus, 435 U.S. 247, 264 n. 20 (1978) ("genuine injury [into emotional distress] may be evidenced by one's conduct and observed by others"). Accordingly, I conclude that the Non-Party has failed to establish "good cause" for a protective order preventing her deposition. Thus, the subject motion (docket no. 34) should be denied.

Date: April 9, 2013