IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01679-WYD-MJW

VIJAYKRISHNA ANDALAM,

Plaintiff,

v.

THE TRIZETTO GROUP, a Delaware corporation doing business as a foreign corporation in Colorado,

Defendant.

**ORDER REGARDING ATTORNEY FEES AND COSTS CONCERNING**

**(1) DEFENDANT TRIZETTO'S APPLICATION FOR ATTORNEY FEE AWARD
PURSUANT TO COURT ORDER OF SEPTEMBER 25, 2013
(Docket No. 92)**

**AND**

**(2) PLAINTIFF ANADALAM'S MOTION FOR ATTORNEY'S FEES AND COSTS
(Docket No. 93)**

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the on Defendant Trizetto's Application for Attorney Fees Award Pursuant to Court Order of September 25, 2013 (docket no. 92) and on Plaintiff Andalam's Motion for Attorney's Fee and Costs (docket no. 93).  The court has reviewed both motions (docket nos. 92 & 93), the responses (docket nos. 97 & 98), and the reply (docket no. 100).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This court conducted a motions hearing on September 25, 2013. At this hearing, this court granted Defendant Trizetto's Motion to Compel Responses to Written Discovery Requests and for Award of Attorneys' Fees and Expenses (docket no. 60) and awarded reasonable attorney fees and costs to Defendant Trizetto. The court also granted Plaintiff Andalam's Motion to Compel Under Fed. R. Civ. P. 37(a)(3)(B)(ii) and Motion for Attorney's Fees and Costs Under Fed. R. Civ. P. 37(d)(3) (docket no. 64) and awarded reasonable attorney fees and costs to Plaintiff Andalam. The parties were further ordered to meet and confer to see if they could agree upon the amount of attorney fees and costs that each side would owe to opposing side for the two motions listed above. The parties have been unable to agree and thus docket nos. 92 and 93 above were filed.

When determining the amount of a fee award, the court should follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987); Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. Malloy v. Monahan, 73 F.3d 1012, 1017 (10th Cir. 1996); Ramos, 713 F.2d at 553. Once the court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Id. at 555. "A reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). The party seeking the award has

the burden of persuading the court that the hours expended and the hourly rate are both reasonable. Id. at 1018.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. Brokers' Choice, 2011 WL 3568165, at *2 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Once the court determines the lodestar amount, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. Phelps v. Hamilton, 120 F.3d 1126, 1131 (10th Cir. 1997).

**1. Number of Hours**

A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995). When determining the reasonableness of hours expended, the court reviews attorneys' billing entries to ensure that the attorneys exercised proper billing judgment. Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan., 157 F.3d 1243, 1250, 1251 (10th Cir. 1998) ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice, 2011 WL 3568165, at *2 (citing Rocky Mountain Christian Church v. Board of County Comm'rs of

Boulder County, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010)).

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.  Although the court is obligated to exclude hours not reasonably expended from the fee award, it need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Malloy, 73 F.3d at 1018 (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").
The court considers whether the fees pertain to tasks that would ordinally be billed to a client.  See Ramos, 713 F.2d at 554.  The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989).  Plaintiff must demonstrate that her counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended.  Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1257 (10th Cir. 2005).  "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." Case, 157 F.3d at 1250.

In comparing the subject motions (docket nos. 92 and 93), the responses (docket nos. 97 and 98), and the reply (docket no. 100) to the timekeeping records of counsel

for both the Plaintiff Anadalam and Defendant Trizetto which were allotted to the various tasks for each party's motion to compel (docket nos. 60 and 64), this court finds that an equal amount of attorney time and costs were necessary to prepare and prosecute each party's motion to compel (docket nos. 60 and 64).  Here, I find that 10 hours of attorney time is reasonable and was necessary for Plaintiff Andalam and Defendant Trizetto to prepare and prosecute each party's motion to compel (docket nos. 92 and 93).

**2. Hourly Rate**

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002); Malloy, 73 F.3d at 1018.  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." Ellis v. University of Kan. Med. Ctr., 163 F.3d 1186, 1203 (10th Cir. 1998) (quotation marks omitted).  In order to satisfy his or her burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11.  "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." Bangerter, 61 F.3d at 1510 (quotation marks omitted).

Here, I find that the rate of $250.00 per hour for attorney time is reasonable.  In support of this hourly attorney rate, see The Consumer Law Attorney Fee Survey

amount for attorneys in the Western region with ten or more years of experience. See Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2010-2011 at 42, available at www.nclc.org/images/df/litigation/fee-survey-report-2010-2011.pdf. Here, I find that ten (10) hours of attorney time is reasonable and was necessary for Plaintiff Andalam and Defendant Trizetto to prepare and prosecute each party's motion to compel (docket nos. 92 and 93) and $250.00 is a reasonable hourly attorney rate in this District for attorneys of the level of experience as those in this case.

**3. Lodestar Amount**

Based on the above findings and conclusions, this court finds that neither party shall pay the other party any attorney fees and costs since the amount each party would owe to the other party is identical and would constitute an exercise in futility.

**ORDER**

WHEREFORE, based upon these findings of fact and conclusions of law, it is hereby ORDERED that: (1) Defendant Trizetto's Application for Attorney Fees Award Pursuant to Court Order of September 25, 2013 (docket no. 92) is DENIED; and (2) Plaintiff Andalam's Motion for Attorney's Fee and Costs (docket no. 93) is DENIED;

Done this 7th day of November 2013.

BY THE COURT

s/Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge