IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01679-WYD-MJW

VIJAYKRISHNA ANDALAM,

Plaintiff,

v.

THE TRIZETTO GROUP, INC.,

Defendant.

---

## ORDER REGARDING
## PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
## (DOCKET NO. 108)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on November 18, 2013 for hearing on the Plaintiff's Motion for Sanctions for Spoliation of Evidence (docket no. 108). The court has waded through and carefully reviewed the subject motion (docket no. 108), the response (docket no. 113), and the reply (docket no. 114). In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on this subject motion (docket No. 108);

4. That in this action, plaintiff asserts claims for: (1) Retaliation in violation of Title VII, 42 U.S.C. § 704; (2) Discrimination based on race and nationality in violation of 42 U.S.C. § 2000e-2(a)(1)-(2)); and (3) Retaliatory Harassment by Supervisors in violation of 704 of Title VII. See docket no. 1;

5. That in the subject motion (docket no. 108), plaintiff now seeks the issuance of a sanction against defendant in the form of an adverse inference jury instruction. In particular, plaintiff requests that this court instruct the jury that "it should assume that the instant messages defendant destroyed would have been unfavorable to it." In the alternative, plaintiff seeks a sanction against defendant wherein defendant would be barred from introducing evidence that Matt Robinson [plaintiff's supervisor] did not call plaintiff a New Jersey Indian or did not hurl other racial slurs at plaintiff. Lastly, plaintiff seeks his attorney fees and costs for having to bring the subject motion (docket no. 108) and for having to take the depositions of Cindy Schumacher, Jerry Jurgens, and Seth Kulakow. See depositions of these three deponents exhibits F, G, and H attached to response (docket no. 113). See also declaration

3

[affidavit] of Cindy Schumacher which corrects part of her deposition concerning asset tags exhibit K attached to response (docket no. 113);

6. That in support of the subject motion (docket no. 108), plaintiff argues that defendant had a duty to preserve the "racist instant messages" between plaintiff and Matt Robinson initially in February 2011, when plaintiff filed a complaint about discrimination based on race and national origin and supervisory harassment based on race. Second, plaintiff argues that defendant had a duty to preserve on March 10, 2011, when plaintiff filed an even more detailed complaint, and when plaintiff began participating in an internal investigation of his complaint. Plaintiff cites to McCargo v. Texas Roadhouse, Inc., 2011 WL1638992, *4 (D. Colo. 2011) (the duty to preserve was triggered by the plaintiff's internal complaint). Third, plaintiff argues that defendant had a duty to preserve in mid-June 2011, when it received a litigation hold letter from the EEOC. It should be noted that: (1) on May 19, 2011, plaintiff's laptop hard drive was wiped consistent with defendant's routine business practices; (2) on June 2, 2011, defendant received Plaintiff's Notice of Charge of Discrimination; and (3) on June 9, 2011, defendant circulated an internal litigation hold letter and collected copies of plaintiff's entire Microsoft inbox from its servers. See exhibits F, G. and H attached to response (docket no. 113). Lastly, plaintiff

4

argues that defendant prevented him from accessing his laptop that was issued to him by defendant on the date that he was terminated, namely, April 19, 2011, and that defendant further breached its duty to preserve when it destroyed plaintiff's laptop where the "racial instant messages" were stored;

7. That defendant argues in response (docket no. 113), that there is no evidence that: (1) such alleged racial instant messages ever existed; (2) instant messages were stored on the hard drive of plaintiff's laptop; or (3) defendant failed in its preservation obligations. In support of this argument, defendant cites to plaintiff's own deposition at 459:2-10 attached as exhibit A to response (docket no. 113). In his deposition, plaintiff admits that he does not know whether he received instant messages containing racial slurs, but instead is merely "hoping . . . you know, [slurs] should have been captured in some of those instant message conversations." Accordingly, plaintiff argues that mere speculation on behalf of plaintiff as outlined in his own deposition testimony is not sufficient to carry his burden of proof that relevant evidence [i.e., alleged racial instant messages] ever existed as required by Grabenstein v. Arrow Elecs., Inc., Civil Action No. 10-cv-02348-MSK-KLM, 2012 U.S. Dist. LEXIS 56204, *6 (D. Colo. Apr. 23, 2012). Next, defendant argues that during the entire proceeding with the Colorado Civil Rights Division ("CCRD"), plaintiff never

5

once asserted that there were instant messages containing racial slurs stored on his laptop's hard drive and not even on his appeal of the CCRD's determination that, "there is no reason to suggest that the Charging Party's [sic] was subjected to harassment by his supervisor based on his protected classes." See CCRD determination, attached as exhibit B at page 5 to response (docket no. 113). See also plaintiff appeal, attached a exhibit C to response (docket no. 113). Moreover, defendant argues that since March 2013, defendant has informed plaintiff when plaintiff requested to inspect the defendant's computers that defendant does not store instant messages on its servers and therefore could not have destroyed any instant messages received or sent by plaintiff during his employment with defendant. That as of July 2012, defendant's former counsel explained to plaintiff that defendant never enabled the archiving function for instant messages exchanged through Microsoft Officer Communicator. See correspondence between Bill Berger and Eddie Williams exhibit L attached to response (docket no. 113).

8. That "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997);

9. That "[t]o ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a

6

duty to preserve documents that may be relevant to pending or imminent litigation." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007) (citing Zubulake v. UBS Warburg, LLC, 200 F.R.D. 212, 216 (S.D.N.Y. 2003) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation"));

10. That "'[s]poliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Id. (and cases cited therein). Spoiling evidence is not actionable unless the spoiled evidence is: (1) relevant to the issue at trial; (2) the party accused of spoiling evidence was obligated to preserve evidence; and (3) the party that spoiled evidence acted with sufficient mental culpability. Cache La Poudre Feeds, 244 F.R.D. at 621-22; see also E.E.O.C v. Dillion Co. Inc., 839 F. Supp. 2d 1141, 1143 (D. Colo. 2011). Once the duty to preserve evidence arises, it continues throughout the litigation, and a party cannot continue its routine procedure of destroying relevant evidence. Cache La Poudre Feeds, 244 F.R.D. at 629;

11. That "[t]he court has inherent power to impose sanctions for the destruction or loss of evidence." Id. (and cases cited therein). "Federal courts have authority to impose a variety of sanctions for

7

spoliation including dismissal of the action." Kokins v. Teleflex Inc., 2007 WL 4322322, *2 (D. Colo. Dec. 6, 2007) (Miller, J.). "When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: 1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual prejudice to the other party." Id. (quoting Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc., 1998 WL 68879, *13 (10th Cir. Feb. 20, 1998) (unpublished)). "[T]he destruction need not be in bad faith to warrant spoliation sanctions." Id.;

12. That "[t]he movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." Ernest v. Lockheed Martin Corp., 2008 WL 2945608, *1 (D. Colo. July 28, 2008); and

13. That under the specific facts and events outlined above, this court finds that plaintiff has not met his burden of proof to establish that relevant instant messages ever existed on his laptop as required under Grabenstein, supra. In fact, plaintiff has failed to produce any evidence to support his allegation that instant messages containing racial slurs from his supervisor Mr. Robinson were ever stored on the hard drive of his laptop computer. Moreover, this court finds that plaintiff has failed to demonstrate that defendant failed to meet its preservation obligations.

8

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiff's Motion for Sanctions for Spoliation of Evidence (docket no. 108) is **DENIED.**

2. That each party pay their own attorney fees and costs for the subject motion (docket no. 108).

Done this 19th day of November 2013.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE