IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01679-WYD-MJW

VIJAYKRISHNA ANDALAM,

Plaintiff,

v.

THE TRIZETTO GROUP, a Delaware corporation doing business as a foreign corporation in Colorado,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Defendant's Motion to Strike Witnesses and Exhibits from Final Pretrial Order (docket no. 125) is GRANTED IN PART AND DENIED IN PART.  The motion (docket no. 125) is GRANTED as to STRIKING from the Final Pretrial Order the following witnesses: Teresa Neel, Alexandra Leca, Scott Porter, Ed Ziehm, Alan Cullop, and Jerry Jurgens for the following reasons.  The motion (docket no. 125) is DENIED as to STRIKING the Plaintiff's exhibits from the Final Pretrial Order for the following reasons.

      This court makes the following findings of fact and conclusions of law: On September 13, 2012, this court entered a Rule 16 Scheduling Order (docket no. 20).  At that time, the Plaintiff was represented by Attorney T. Edward Williams, Esquire.  The Rule 26(a)(1) disclosures were to be exchanged between the parties on or before September 20, 2012.  See paragraph 6. subparagraph c. of the Rule 16 Scheduling Order (docket no. 20).  The deadline to complete discovery was March 15, 2013.  See paragraph 9. subparagraph b. of the Rule 16 Scheduling Order (docket no. 20).  In paragraph 9. subparagraph e. of the Rule 16 Scheduling Order (docket no. 20), the names of the disputed witnesses [Teresa Neel, Alexandra Leca, Scott Porter, Ed Ziehm, Alan Cullop, and Jerry Jurgens] are not listed as deponents.

      On February 14, 2013, the Plaintiff filed an Unopposed Motion to Extend Discovery Deadline (docket no. 27).  On February 15, 2013, this court granted this motion (docket no. 27) and extended the deadline to complete discovery to April 15, 2013 and extended the dispositive motions deadline to May 17, 2013.  See docket no. 29.

On April 4, 2013, this court granted the Plaintiff's Unopposed Motion to Extend Discovery Deadline (docket no. 47). In this Order (docket no. 49), this court extended the discovery cut-off date to June 28, 2013 and extended the dispositive motions deadline date to July 31, 2013. Moreover, this court reset the Final Pretrial Conference to August 13, 2013. See docket no. 49.

On June 27, 2013, this court granted in part and denied in part the Plaintiff's Joint Motion to Stay Proceedings or, in the Alternative, Joint Motion to Extend Discovery, Dispositive Motion and Pretrial Conference Deadlines (docket no. 52). This court denied staying of this case. This court granted extensions of time to complete discovery to August 2, 2013 and dispositive motions to September 4, 2013. This court reset the Final Pretrial Conference to November 4, 2013. See docket no. 54.

On November 18, 2013, the Plaintiff's attorney, T. Edward Williams, was permitted to withdraw as counsel for the Plaintiff. See docket nos. 103 and 116.

On December 9, 2013, this court conducted a final pretrial conference and entered a final pretrial order. See docket nos. 120 and 121.

In this case, the time to complete discovery was extended primarily at the request of the Plaintiff. During this very long discovery period of time, the Plaintiff had adequate time to analyze his claims and to identify witnesses which he would rely upon to prove his case. In his initial and supplemental disclosure (exhibits 2 attached to the Response docket no. 125), the Plaintiff disclosed seven witnesses including himself plus two additional witnesses in his ninth supplemental disclosures. However, these disclosures did not include the disputed witnesses [Teresa Neel, Alexandra Leca, Scott Porter, Ed Ziehm, Alan Cullop, and Jerry Jurgens]. Not until four months after the close of discovery did the Plaintiff disclose for the first time that he wanted to call the disputed witnesses [Teresa Neel, Alexandra Leca, Scott Porter, Ed Ziehm, Alan Cullop, and Jerry Jurgens] at trial.

Thus, the court finds that the now Pro Se Plaintiff did not disclose these disputed witnesses in his Rule 26(a)(1) disclosures; that in his supplemental disclosures the disputed witnesses are not included; that the Pro Se Plaintiff did mention the names of some of the disputed witnesses during his deposition but did not testify during his deposition that these disputed witnesses of Teresa Neel, Scott Porter, Ed Ziehm, and Alan Cullop could provide testimonial evidence to support his claims in this lawsuit when asked during his deposition. See exhibit 4 - deposition transcript of the Plaintiff at 397:20-398:19 attached to Response docket no. 125. Accordingly, under the Woodworker's Supply, Inc., v Principal Mut. Ins. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) factors, this court finds that substantial prejudice would be had by defendants if this court re-opens discovery noting that the discovery cut-off date has expired and a final pretrial order has been entered in this case. Further, this court notes that a trial preparation conference is set on June 12, 2014 and a jury trial is set to begin on June 23, 2014 before Senior District Judge Daniel. I further find that the ability to cure at this late date is not practical noting that both the trial preparation conference and jury trial as

set less than one month away.  I further find that re-opening discovery to allow depositions of the disputed witnesses listed above would disrupt the start of the currently set jury trial.  I further find that the Plaintiff had legal counsel at the beginning of this lawsuit and through much of the discovery phase of this case, and has had more than adequate time to prepare for trial.  Furthermore, he was placed on notice by this court that he must still follow the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of this court since he is proceeding now Pro Se.  See docket no. 116 and record made by this court, in particular, as it pertains to allowing prior counsel for the plaintiff to withdraw.  Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."  Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986).  It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

Applying the Woodworker's factors to the facts of this case, this court finds that the now Pro Se Plaintiff has untimely disclosed the disputed witnesses [Teresa Neel, Alexandra Leca, Scott Porter, Ed Ziehm, Alan Cullop, and Jerry Jurgens] in violation of Rule 26(a)(1) and such violation is not substantially justified.  Woods v. Nationbuilders Ins. Servs., Civil Action 11-cv-02151-CMA-KMT, 2014 U.S. Dist. LEXIS 41027, *6 (D. Colo. Mar. 27, 2014).  Therefore, the portion of the motion (docket no. 125) seeking to STRIKE the disputed witnesses [Teresa Neel, Alexandra Leca, Scott Porter, Ed Ziehm, Alan Cullop, and Jerry Jurgens] should be GRANTED.  As to the Pro Se Plaintiff's exhibits outlined in the final pretrial order (docket no. 121), this court finds that the Pro Se Plaintiff has substantially complied with the Instructions under paragraph 7 in the stock pretrial order form and therefore that portion of the motion (docket no. 125) seeking to STRIKE the Pro Se Plaintiff's trial exhibits should be DENIED.

Date: May 27, 2014